UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:23-cr-170-CJN |
| | : | |
| **DAVID ELIZALDE,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION REGARDING 18 U.S.C. § 1752 (ECF 35) DRAFT INSTRUCTION**

Defendant, David Elizalde, by and through his attorney, Stephen F. Brennwald, Esq., hereby submits his response to the government's latest filing requesting reconsideration of this Court's draft bench instructions regarding the government's burden of proof with respect to counts One and Two of the Information.

*Argument*

Defendant maintains that the government's reading and interpretation of the relevant statutory language confuses the meaning of the legally-significant term "restricted building or grounds" found in 18 U.S.C. § 1752(c)(1) with a generic use of the words "restricted area."

Essentially, the government is attempting to change its burden of proof in these cases by materially watering down the meaning of the word "restricted." The statute clearly defines the meaning of this term, and specifically lists three geographical or "institutional" areas that fall within the statute. They are:

(A) […] the White House or its grounds, or the Vice President's official residence or its grounds;

(B) […] a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or

(C) […] a building or grounds so restricted in conjunction with an event designated as a special event of national significance; and

These areas are restricted because they designate locations where high-ranking government officials will be present, or events of national significance will take place.

They are not locations that are simply closed because a sign or fence or other barrier was placed there. In other words, a "restricted building or grounds" designation is not tantamount to a "restricted area."

In support of this argument, Mr. Elizalde attaches to this filing a portion of the opening brief filed in *United States v. Couy Griffin*, No. 22-3042, as well as Griffin's reply brief. In addition to the excerpted portion of Griffin's opening brief, defendant specifically points this Court to pages 17 to 25 of Griffin's reply brief.

With respect to the government's attempt to analogize *United States v. Morgan*, 45 F.4th 192 (D.C. Cir. 2022) to this case, defendant points to the well-established strict liability exception that exists in sex-trafficking cases. In other words, in a sex-trafficking case, a defendant does not have to know that the person he or she is transporting is under 18 years of age, but is strictly liable merely if that person is under age. The comparison with this case, therefore, is inapt.

The government's reliance on *United States v. Jabr*, 4 F.4th 97 (D.C. Cir. 2021) is also misplaced. As the very language the government's filing quotes,[1] the appellate court wrote: "As an initial matter, a rational trier of fact could presume as a matter of common knowledge that an ordinary citizen without any known authorization would not be

---

[1] Gov. mot. at 10.

allowed inside the White House or on its grounds." *Id.* at 105.  The court thus recognized that a defendant had to have intended to go inside White House grounds, not simply in a "restricted area."

*Jabr* thus distinguishes a "restricted area," perhaps so designated by "keep out" or "area closed" signs or by walls, from a "restricted building or grounds," the latter language bearing a legally important significance the government attempts to erase.

As for the government's reference to the legislative history of the law, a mere ability to quote small portions of the congressional record and cherry-pick certain passages cannot overcome the language of the statute itself.

For the foregoing reasons, as well as for any other reasons that appear to this Court, defendant maintains that this Court's original draft bench instructions on this issue were legally correct.[2]

                                                Respectfully submitted,

                                                    /s/

                                          _____
Stephen F. Brennwald, Esq.  #398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(301) 928-7727
(202) 544-7626 (facsimile)
sfbrennwald@cs.com

---

[2] At the conclusion of the trial proceedings on the afternoon of November 29, 2023, this Court advised undersigned counsel that he could submit no more than two pages of argument regarding any possible First Amendment issues that may be implicated by the defendant's clothing and a flag he carried that day.  Defendant does not intend to submit any filing on the issue, but will, if appropriate and necessary, incorporate any relevant discussion of that fact in his upcoming closing argument.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 30th day of November, 2023, to all counsel of record.

/s/

Stephen F. Brennwald