IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-170 (CJN) |
| | : | |
| DAVID ELIZALDE, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO SUPPLEMENTAL AUTHORITY REGARDING 18 U.S.C. § 1752 AND MOTION TO RECONSIDER

The United States respectfully addresses three arguments from Defendant's response: *First*, he argues that Section 2423, the statute in *United States v. Morgan*, 45 F.4th 192 (D.C. Cir. 2022), is an "inapt" comparator with Section 1752 since sex crimes against minors are often strict liability offenses. However, Section 2423 requires an offender to "knowingly" transport a minor, and Section 1752 requires the Government to prove the defendant "knowingly" entered the restricted area[1] without lawful authority to do so. Thus, both statutes have a *mens rea* requirement and neither imposes strict liability.[2] The two statutes are properly compared: just as Congress sensibly sought to protect minor children, it sought to protect Secret Service protectees, who are likely targets and who warrant strong protections as a matter of policy. Further, *Morgan*'s application of *mens rea* to the core of the *actus reus*, but not to all objective facts that the Government must prove, is consistent with the interpretation of other federal statutes. For example, the federal bank fraud statute requires the Government to prove that the defendant knowingly "defrauded a financial institution." 18 U.S.C. § 1344. The First Circuit has held that the statute does not require the Government to prove that the defendant knew the victim was a "financial

---

[1] The United States uses "restricted area" as shorthand for "restricted buildings or grounds."
[2] Section 1752(a)(2) further requires intent to disrupt government functions.

1

institution" as that term is defined in 18 U.S.C. § 20. *See United States v. Brandon*, 17 F.3d 409, 425 (1st Cir. 1994) ("Defendants argue that the government must prove that they knew that the victim of their fraud was a federally insured financial institution. We disagree. The status of the victim-institution is not a separate knowledge element of bank fraud under § 1344 but an objective fact that must be established in order for the statute to apply.")

*Second*, Defendant misreads *Jabr* to state "that a defendant had to have intended to go inside White House grounds, not simply in a 'restricted area.'" ECF 37 at 2. The Circuit's point was not that the grounds were White House grounds; the court was noting that those grounds are restricted and everyone knows they are restricted.[3]

*Third*, he argues that with respect to "the government's reference to the legislative history of the law, a mere ability to quote small portions of the congressional record and cherry-pick certain passages cannot overcome the language of the statute itself." ECF 37 at 3. Respectfully, congressional intent *is precisely what* determines the scope of what acts must be done knowingly, *see Morgan* at 205 (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2195 (2019)), and Section 1752(a)'s legislative record and intent are clear (and fully attached to the Government's filing). This clear congressional intent cannot be swept aside. Notably, Defendant does not dispute that the clear intent the Government quoted explicitly covers the Defendant's actions here: "he is there [] knowingly and in a zone of protection which is marked by a cordon, stanchion, or whatever." ECF 36-2. For those actions, Congress intended he should be criminally liable under the statute. Accordingly, the Court should adopt the Government's proposed bench instructions.

---

[3] *See United States v. Jabr*, 4 F.4th 97, 101 (2021) ("Ms. Jabr verbalized her intent to reach the White House to speak with President Trump. And her actions exemplified her criminal intent to 'enter[] or remain[] in [a] restricted building or ground without lawful authority to do so.'"); *see also id.* at 105 ("And indeed, Jabr acknowledged, in statements admitted into evidence, that she 'knew that nobody was supposed to go up there.'").

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Patrick Holvey*
        PATRICK HOLVEY
        DC Bar No. 1047142
        Assistant United States Attorney

        JASON M. MANNING
        JULIE BESSLER
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street N.W.
        Washington, D.C. 20530
        Telephone: 202-252-7224
        Patrick.Holvey@usdoj.gov